Ruby Jewell MOTSINGER, Plaintiff-Appellant,

v.

QUEEN CITY CASKET COMPANY and Elmer Grant Brown, Defendants-Respondents.

No. 51647.

Supreme Court of Missouri, Division No. 2.

Dec. 12, 1966.

John B. Ewing, Jr., John Gibson, Marvin Brenner, Kansas City, Brenner, Ewing, Lockwood & O'Neal, Kansas City, of counsel, for appellant.

William H. Sanders, Dean F. Arnold, Thomas I. Osborne, Kansas City, Caldwell Blackwell Sanders & Matheny, Kansas City, of counsel, for respondents.

WESTHUES, Special Commissioner.

Plaintiff Ruby Jewell Motsinger filed a petition seeking damages in the Circuit Court of Jackson County, Missouri, against Queen City Casket Company and Elmer Grant Brown. In the first count of the petition, she asked $20,000 as damages for personal injuries and in a second count, she prayed for $550 as damages to her car. Plaintiff stated that the damages were the result of a collision of a truck driven by defendant Brown and owned by defendant Casket Company with plaintiff's car which she was driving. A trial resulted in a jury verdict for the defendants. Plaintiff appealed from the judgment entered on the verdict by the trial court.

Plaintiff briefed six points, all pertaining to Instruction No. 3, given by the trial court at defendants' request.

Plaintiff's case was submitted to the jury on the theory of defendants' failure "to keep a careful lookout, or drove at an excessive speed, or violated the traffic signal, * * *."

Defendants' defense was submitted by Instruction No. 3, the correctness of which is before this Court for decision on this appeal. We deem it best to quote it in full, as follows:

"Your verdict must be for the defendants, whether or not defendants were negligent, if you believe:

"First, plaintiff either:

failed to keep a careful lookout, or violated the traffic signal, or failed to make her left turn in the manner specified under the ordinance as to left turns which has been read in evidence, or

"Plaintiff knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have applied his brakes but plaintiff failed to do so.

"Second, plaintiff's conduct, in any one or more of the respects submitted in paragraph First, was negligent; and

"Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

In the first four points briefed, plaintiff contends that there was insufficient evidence to sustain the charge of negligence relied on by the defendants and submitted by Instruction No. 3 in the disjunctive. In the last two points briefed, plaintiff says that Instruction No. 3 is erroneous for the reason that it violated S.Ct. Rule 70.01, V.A.M.R. We have concluded that plaintiff's last two points must be sustained. In view of the fact that the case must be remanded, it would serve no useful purpose to rule on the first four points. We cannot say that the parties on a retrial will submit the case

on the same issues as they did on the first trial.

The record disclosed that the collision occurred on November 29, 1962, at about 11:45 a. m., at the intersection of Noland Road and Highway 50 in Jackson County, Missouri. Plaintiff was driving her car south on Noland Road, intending to turn left and to the east on Highway 50. Defendant Brown was driving a truck west on Highway 50, intending to go to Kansas City, Missouri. At the time, there was an electric signal device at the intersection. Mr. Brown, the driver of the truck, and plaintiff each testified that the green light was in his or her favor as they neared the intersection; further, each claimed that the speed of his or her vehicle was about 35 miles per hour immediately before they reached the intersection.

Plaintiff testified that as she was approaching the intersection she reduced the speed of her car by taking her foot off the accelerator intending to make a left turn onto Highway 50; that as she entered the intersection, the electric signal was green in favor of southbound traffic; that just as she was beginning the left turn, the impact took place; that when she first saw defendants' truck, "He was coming so fast I didn't have time to do anything." She admitted that she did not apply the brakes, stating that she had no time to do that. Defendants' truck struck plaintiff's car broadside at the left front door. Plaintiff sustained serious injuries and her car was damaged.

Brown testified that as he approached the intersection, and when about 400 feet east of the light, the light turned green for westbound traffic; that he saw plaintiff's car when he was about 250 feet from the intersection; that he applied the brakes but could not stop in time to avoid the collision. He admitted that he did not give any warning nor did he swerve. There was a dispute as to the distance skid marks were visible on the pavement of Highway 50. A police officer measured skid marks in the presence of Brown. The officer testified that the marks extended from the truck back for a distance of 241 feet. Brown claimed the skid marks made by his truck were not more than 50 to 100 feet in length.

Rule 70.01, supra, provides, in substance, that a failure to follow the Missouri Approved Instructions forms shall be deemed error and that the question of whether the error constitutes prejudicial error shall be judicially determined.

In preparing Instruction No. 3, defendants evidently followed forms found in No. 28.01 and No. 17.04 of the Missouri Approved Jury Instructions.

Plaintiff says that in the last paragraph of the part of the instruction marked "First," as above set forth, the defendants used the words " * * * in time thereafter to have applied his [her] brakes * * * " in lieu of the words "slackened her speed" as prescribed in MAI No. 17.04; further, that the word "and" was omitted between the paragraph "First" and paragraph marked "Second." Plaintiff states that the deviation from the approved forms rendered the instruction erroneous.

In answer to plaintiff's contention, defendants stated in their brief that "The trial court properly gave to the jury Instruction No. 3 which used the term 'applied her brakes' rather than 'slackened her speed,' because that modification of the approved instruction was required in order for the instruction to conform to the evidence." Defendants further stated that "There was no prejudicial error in the failure of Instruction No. 3 to include the word 'and' between Paragraph First and Paragraph Second." Defendants also called our attention to Rule 70.01 and contend that the instruction is not prejudicially erroneous.

We cannot agree with defendants that the substitution of the words "applied her brakes" for the phrase "slackened her speed" was required in order for the instruction to conform to the evidence. For

example, defendant Brown admitted that he did not sound the horn of the truck at any time while approaching the intersection. If plaintiff had wished to submit her case on failure to warn, she would have been required to use the words prescribed in MAI No. 17.04, "sounded a warning" and not the words "sounded the horn." The speed of the car may be slackened by other means than by applying the brakes. So, a warning may be given by other means than sounding a horn. It is obvious that the instruction, as given, was more favorable to the defendants than it would have been if the instruction had conformed to the prescribed form. The omission of the word "and" after the first portion of the instruction made the instruction erroneous.

Counsel for the defendants took advantage of the language in his argument to the jury. Note what he said: " * * * But, gentlemen there just can't be any dispute about this because this lady said not over an hour ago, 'I failed to apply my brakes,' and here's the Judge saying to you that the law is if you believe that she failed to use the highest degree of care in not applying her brakes, and that helped cause the collision, then she can't recover. Well, gentlemen, if this lady had just looked before she did and put on her brakes she could have stopped, but instead we see a path that she just kept on coming until she hit Elmer Brown's truck."

The members of the jury may have concluded (nine signed the verdict) that the court was advising them that a failure on plaintiff's part to apply the brakes justified a verdict for the defendants even if, as plaintiff testified, the traffic signal was green in her favor and she did not have time to apply the brakes because defendants' truck was coming on with great speed.

This Court was asked by The Missouri Bar to provide forms of instructions to be used in jury trials. Outstanding members of the Bar were appointed to perform the task of making recommendations. Their work was approved by this Court en Banc. To accomplish the purpose for which the forms were prepared, the courts must insist that they be utilized. If we permit unnecessary deviations, no useful purpose will have been accomplished. The committee appointed by the Court gave the following warning when it submitted its report to the Supreme Court (MAI,XXI): "There are hundreds of currently acceptable instructions which use language more favorable to one side or the other than the proposed instructions. If counsel are permitted to 'improve' the approved instructions, even within the confines of specific precedents, the value of these instructions will be lost. Each such 'improvement' by one counsel will prompt an offsetting 'improvement' by his opponent and after a while the court will not be able to find the original with a divining rod."

The above-quoted warning, taken from MAI, was quoted in an opinion of this Court, prepared by the Honorable John J. Wolfe, Special Judge, in the case of Leathem v. Longenecker, 405 S.W.2d 873. What the Court said in that opinion supports our conclusion.

The judgment of the trial court is reversed and the cause is remanded for retrial. It is so ordered.

PER CURIAM:

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.