Joe **HUNTER**, Respondent,

v.

Daniel S. **NORTON**, Administrator of the Estate of Helen Louise Hahn, Deceased, and Jerry Perlstein et al., individually and as representatives of a class consisting of the full membership of the International Ladies' Garment Workers' Union, AFL–CIO, Southern Missouri-Arkansas District Council of International Ladies' Garment Workers' Union, AFL–CIO and Local 307 of International Ladies' Garment Workers' Union, AFL–CIO, Appellants.

No. 51995.

Supreme Court of Missouri, Division No. 2.

March 13, 1967.

Dwight Crader, Sikeston, for appellants.

Blanton, Blanton & Rice, Sikeston, for respondent.

TOM J. STUBBS, Special Judge.

This appeal results from judgment entered upon a jury verdict in favor of plaintiff for $15,800.00 and the action of the trial court in overruling defendants' motion to set aside verdict and alternative motion for new trial. Defendant driver Helen Louise Hahn died before this action was filed.

Appellants contend (1) testimony of a former defendant was erroneously admitted in violation of the "Dead Man's" Statute, Section 491.010, RSMo 1959, (2) as a matter of law they were free of negligence, and (3) verdict directing instruction given by the court at the request of plaintiff constituted prejudicial error.

Percy Reed, driver of the automobile in which plaintiff was riding as a passenger, was a defendant in this suit as originally filed. However, Reed was dismissed as a party defendant upon plaintiff's execution of a covenant not to sue, the consideration for which was a payment to plaintiff on behalf of Reed of the sum of $4,500.00. When this suit went to trial, Percy Reed was not a party to the action.

Section 491.010, supra, to the extent that it is urged by appellants to be a disqualifying statute with respect to witness Reed,

provides: "* * * in actions where one of the original parties to the * * * cause of action in issue and on trial is dead, * * the other party to such * * * cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, * * * and where an * * * administrator is a party, the other party shall not be admitted to testify in his own favor, * * *."

■ Percy Reed was not a party to the cause of action *"in issue and on trial."* He testified neither *in his own favor nor in favor of any party to the action claiming under him.* The "Dead Man's" Statute was never intended to apply in the circumstances of this case and thus disqualify a witness to the casualty who was neither a party to nor had any interest in the outcome of the litigation. Reed's relationship to the defendant administrator was not that of "the other party" and additionally as noted above he was not *"admitted to testify in his own favor."* It is our view that Reed's testimony was properly received in evidence. Neither Freeman v. Berberich, 332 Mo. 831, 60 S.W. 2d 393 nor Wilcox v. Swenson, Mo., 324 S.W.2d 664, cited by appellants, in any way conflicts with the view we here express.

■ Appellants' contention that the evidence failed to make a submissible case against them requires its review, with due regard, of course, to the well-settled proposition that the evidence be viewed in the light most favorable to the prevailing party.

Highway 61 runs generally north and south. Within the city limits of Sikeston, Missouri, it forms an inverted "Y" ( Y ) intersection with North Kingshighway at a point where Highway 61 curves from north to southeast. North Kingshighway enters Highway 61 at its west edge.

Plaintiff was a passenger in an automobile generally northbound on North Kingshighway, operated by Percy Reed. Mr. Reed stopped his vehicle at a stop sign located on North Kingshighway at its entrance to Highway 61.

Mr. Reed saw the defendant vehicle southbound on Highway 61 when it was about a quarter of a mile north of the stopped Reed automobile. Reed started his car forward and crossing the southbound lane of Highway 61, turned left and into its northbound lane. A collision between the defendant and Reed vehicles occurred 129 feet north of the south edge of North Kingshighway where it enters Highway 61. The Reed vehicle was entirely and the defendant vehicle was at least partially in the northbound lane of Highway 61 when the impact occurred. The collision took place entirely in the proper lane for the northbound Reed car and entirely in the wrong lane for the southbound defendant vehicle.

There was evidence of 50 feet of skid marks behind defendant's car starting in the southbound lane of Highway 61 and of skid marks of 35 feet behind Mr. Reed's car which also started in the southbound lane of the highway. No eyewitness to the collision except Mr. Reed testified.

■ Appellants contend that this case falls within the "evidence of mere skidding does not make a submissible case" rule announced by Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59. We do not agree. The evidence was that the defendant vehicle, traveling at a high rate of speed, swerved or, in the terminology of the evidence, *turned* into the wrong lane of the highway and that the collision resulted. A submissible case for the consideration of the jury was clearly made.

We turn to the appellants' assignment of error with respect to Instruction No. 2 given by the court over the objection of the defendants. "INSTRUCTION NO. 2. It is admitted that the late Helen Louise Hahn was driving one of the cars involved in the collision referred to in the evidence, and, that at the time of said collision she was the Agent and Employee of the International Ladies Garment Workers' Union AFL-CIO, Southern Missouri-Arkansas

District Council of the International Ladies Garment Workers' Union, AFL-CIO.

"Your verdict must be for the plaintiff, if you believe: First, that the late Helen Louise Hahn either: failed to swerve her car to the right, or allowed a portion of the car she was driving to extend over on to the left or north bound traffic lane of said Highway 61, and

"Second, that the late Helen Louise Hahn's conduct, in any one or more of the respects submitted in Paragraph First, was negligent, and

"Third, such negligence of the late Helen Louise Hahn directly caused or directly contributed to cause any damage the plaintiff may have sustained.
M.A.I. 17.02 Modified

Prepared and submitted by;
BLANTON, BLANTON & RICE, Sikeston, Missouri
Attorneys for the Plaintiff

Given M.C."

■ The giving of the instruction was error and we judicially determine that the error was prejudicial. Its first paragraph should have been omitted in its entirety. It concerns a matter not in issue in this case. The stipulation of the parties to the effect that Helen Louise Hahn was the driver of the defendant vehicle and that at the time of the collision she was the agent of defendant Union, should have been read to the jury as a part of the evidence, if either party or the court believed that failure to so inform the jury might result in any misunderstanding or confusion on the part of the trial jury. Any reference to the subject beyond this should have been confined to counsel's jury argument.

■ The second paragraph is objectionable in several particulars. There is no evidence here to support the submission of the defendant's failing to swerve to the right. If there had been, it would have been error to submit "failed to swerve her car to the right" without preceding it with the phrase "defendant knew or by use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have." M.A.I. 17.04.

■ The language "allowed a portion of the car she was driving to extend over onto the left or northbound traffic lane of said Highway 61" is improper. M.A.I. 17.02 uses the words "drove on the wrong side of the road" to submit this issue. To repeat again what this Court has said on this subject as recently as Motsinger v. Queen City Casket Company, Mo., 408 S. W.2d 857, loc. cit. 860: " * * * 'If counsel are permitted to "improve" the approved instructions, even within the confines of specific precedents, the value of these instructions will be lost. Each such "improvement" by one counsel will prompt an offsetting "improvement" by his opponent and after a while the court will not be able to find the original with a divining rod.' " See also Leathem v. Longenecker, Mo., 405 S.W.2d 873.

■ Finally, Instruction No. 2 omitted the words "for which he has not been fully compensated by Percy Reed," which should have been added at the end of the last paragraph. As pointed out in the "Notes on Use" following M.A.I. 7.01, it is essential that this clause be added where, as here, a satisfaction or partial satisfaction of plaintiff's damage is an issue in the case. This issue was tendered by Instruction No. 5 but ignored by Instruction No. 2. This omission resulted in an inconsistency when Instructions 2 and 5 as given are considered together.

The verdict directing instruction which should have been given in this case, rather than Instruction No. 2 which was given, follows:

Your verdict must be for plaintiff and against both defendants if you believe:

First, Helen Louise Hahn drove on the wrong side of the road, and

Second, Helen Louise Hahn was thereby negligent, and

Third, as a direct result of such negligence the plaintiff sustained damage for which he has not been fully compensated by Percy Reed.

The judgment is reversed and the cause is remanded.

All of the Judges concur.