**Carrie BROWN, Plaintiff-Appellant,**

v.

**ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Respondent.**

No. 52968.

Supreme Court of Missouri, En Banc.

Nov. 13, 1967.

Rehearing Denied Dec. 11, 1967.

William R. Hirsch, Clayton, for appellant.

George A. Adolf, St. Louis, for respondent.

FINCH, Judge.

Plaintiff's personal injury action resulted in a verdict in her favor for $5,000. Defendant's motion for new trial contained numerous assignments of error, but the trial court granted a new trial on the single ground that

"* * * the word 'direct' before the word 'result' in the second last line

of MAI No. 4.01 is left out in Instruction No. 6." The court order then stated: "Said omission of said word allowed the jury to award sums to plaintiff for damages she sustained even though they were not sustained and would not be sustained in the future as a 'direct result of the occurrence mentioned in the evidence.'"

From that action, plaintiff appealed to the St. Louis Court of Appeals, which reversed and remanded with directions to reinstate the verdict and judgment in favor of plaintiff. On application, we ordered the case transferred. We now decide it as though it were an original appeal to this court.

Instruction No. 6 was as follows:

"If you find the issues in favor of plaintiff, Carrie Brown, then you must award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff, Carrie Brown, for any damages you believe she sustained and is reasonably certain to sustain in the future as a result of the occurrence mentioned in the evidence."

Instruction No. 6 conformed to MAI 4.01 in all respects other than the omission of the word "direct" immediately preceding the word "result."

Supreme Court Rule 70.01, V.A.M.R. provides, in part, as follows:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court desires to submit, such instruction shall be given to the exclusion of any other on the same subject.

"(c) The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined."

■ It was mandatory under Rule 70.-01(b) that MAI 4.01 be given in this case without modification. Since Instruction No. 6 did deviate from 4.01, the giving of No. 6 was error under the provisions of Rule 70.01(c), its prejudicial effect to be judicially determined. The trial court, having done that, awarded a new trial. We concur in that determination. The deletion of the word "direct" as a modifier of "result" changes the meaning of the instruction. Damages sustained as a result of an occurrence would include all such damages, whether resulting directly or indirectly. Only if the word "direct" is kept in the instruction is the jury told that the damages which it may award must be the direct result of the occurrence. The word "direct" adds a limiting factor not otherwise included.

■ This court, by its adoption of Missouri Approved Instructions, promulgated precise approved instructions. These had been drafted after much research and great effort on the part of the court's special committee and its able reporter, the late Professor John S. Divilbiss. A preliminary draft was distributed and suggestions were received from the bench and bar before final adoption. The system was devised to eliminate the old system of complex, detailed and frequently argumentative instructions which caused great difficulty for jurors, lawyers and judges, and resulted in a high percentage of reversals on account of instructions given or refused. The special committee carefully considered the precise words to use in each approved instruction in order to provide simple, concise and understandable instructions. Directions as to the format to be followed were given to cover those instances where no MAI instruction is provided or where the facts of a case require modification of an MAI instruction. When an MAI instruction is applicable, its use is mandatory.

Plaintiff urges that to grant a new trial for omission of the word "direct" in the damage instruction is highly technical and makes form govern over substance. It must be recognized, however, that a

system of instruction such as MAI is inherently standardized and inflexible. If this court is to make this system work, and preserve its integrity and very existence, we must insist that mandatory directions be followed and that the pattern instructions be used as written. Otherwise, as we quoted the special committee's report in our opinions in Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857, 860, and Hunter v. Norton, Mo., 412 S.W. 2d 163, 166: "'* * * If counsel are permitted to "improve" the approved instructions, even within the confines of specific precedents, the value of these instructions will be lost. Each such "improvement" by one counsel will prompt an offsetting "improvement" by his opponent and after a while the court will not be able to find the original with a divining rod.'"

In spite of the directions in MAI and the comments of the special committee in submitting its report, we have observed frequent deviations and "improvements" in instructions given in cases reaching the appellate courts. In Hunter v. Norton, supra, for example, plaintiff gave an instruction which was a modification of MAI 17.02. Plaintiff substituted the words "allowed a portion of the car she was driving to extend over onto the left or northbound traffic lane of said Highway 61" for "drove on the wrong side of the road." It was contended that the language used was in accordance with the facts and that defendant could not have been prejudiced by the modification. This court held the instruction to be prejudicially erroneous. It was objectionable for additional reasons, but this variation alone was sufficient to require reversal. See also Motsinger v. Queen City Casket Co., supra, for another instance of elimination and substitution of words in an MAI instruction.

In the case of Foote v. Thompson, Mo. App., 407 S.W.2d 637, decided by the Kansas City Court of Appeals before the Motsinger and Hunter cases were handed down by this court, MAI 17.15 was modified by substituting "imminent danger" for "immediate danger." The substitution of the terms was held to be harmless error on the basis that the words "imminent" and "immediate" have the same meaning. Such substitution would not be permissible under the views herein expressed. It is not difficult to visualize what would happen if we should adopt a policy of approving the substitution of synonyms in MAI instructions. For example, Webster's Third International Dictionary lists "consequence," "effect," and "outcome" as synonyms of "result." If the synonyms were substituted in MAI 4.01, we would have the jury being told in some cases to assess damages which are the "direct result" of the occurrence and in other cases being told to assess damages which are either the "direct consequence," "direct outcome," or "direct effect" of the occurrence. If, as plaintiff contends, we should approve elimination of the word "direct" herein, such damage instruction then would direct the jury to assess damages which they found to be either the "result," "consequence," "outcome," or "effect" of the occurrence. Such variations would constitute error under Rule 70.01(c), but if held to be nonprejudicial on the basis that the words are synonyms and convey the same meaning, the number of potential variations in all MAI instructions would be limited only by the number of synonyms available.

Other illustrations of the effect of a failure to insist on compliance with mandatory directions in MAI are readily apparent. MAI 1.02 prohibits submission of dual or multiple theories of recovery or defense in the conjunctive. Under the old system of instruction, many cases can be found which held that it was not error to instruct in the conjunctive, even if there was no evidence to support one such theory of recovery or defense. This conclusion was based on the view that the conjunctive simply imposed an additional burden on the party submitting that in-

struction and was harmless error. If, based on that philosophy and relying on those old cases, this court should not insist on compliance with MAI 1.02 and should hold that submission of theories of recovery in the conjunctive, although error, is not prejudicial, that part of MAI immediately would become a meaningless suggestion rather than a mandatory directive.

Still another illustration is found in connection with converse instructions. MAI 29.01 states that a defendant is entitled to *a* converse of plaintiff's verdict-directing instruction, and "Notes on Use" following MAI 29.02, 29.03 and 29.04 state that "defendant may give only *one* converse for each verdict directing instruction." The case of Murphy v. Land, Mo., 420 S.W.2d 505, handed down concurrently herewith by Division No. 1, presents a case in which multiple converse instructions were given. It was claimed therein that the error, if any, was harmless. Division No. 1 holds that the multiple converse instructions were erroneous and points out that the direction to give only one converse for a verdict-directing instruction is a mandatory direction and must be enforced. The aim and purpose of MAI will not be served if, in violation of these specific directions, multiple converse instructions may be given, and this court then made to search the record and in some way ascertain whether the jury verdict was thereby affected and plaintiff prejudiced.

Counsel for plaintiff argues that affirmance herein means that this court would hold an instruction prejudicially erroneous for misspelled words or misplaced punctuation. This does not follow. See Johnson v. West, Mo., 416 S.W.2d 162. Such an instance is not comparable, however, to editing an instruction by substituting, adding or deleting words or phrases.

It is our understanding that the bench and bar generally approve of MAI, have found it to be a distinct improvement over the old system of instructions and desire its continuation. We have confidence that the lawyers can and will utilize the system as it is intended. We have written at some length on the subject because we feel that, in fairness to bench and bar, we should make it crystal clear that "To accomplish the purpose for which the forms were prepared, the courts must insist that they be utilized." Motsinger v. Queen City Casket Co., supra, 408 S.W.2d l. c. 860.

■ Accordingly, where there is deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation.

■ Plaintiff has not so established in this case. She says that there was no evidence of any other occurrence which might have produced the injuries and damages complained of, and that the jury could not have found anything but direct damages. This is disputed by defendant, but, regardless of the dispute, such argument does not establish that the instruction is not prejudicially erroneous. Our rule has been that it is prejudicial error to instruct a jury on damages for injuries of which there is no evidence. In Pender v. Foeste, Mo., 329 S.W.2d 656, it was held to be prejudicially erroneous to authorize assessment of damages for permanent injuries when, in fact, the only medical evidence was that there were no permanent injuries. Here, Instruction No. 6, as a result of the deletion of the word "direct," would include all damages, both direct and indirect. The fact, if it be a fact, that there was no evidence of indirect damages is comparable to the absence of proof of permanent injuries in Pender v. Foeste, supra. It is error to instruct on injuries of which there is no evidence.

Likewise, we overrule plaintiff's contention that the absence of the word "direct" in Instruction No. 6 is harmless error in view of the fact that Instruction No. 2, which was plaintiff's verdict-directing instruction, required the jury to find that plaintiff sustained damages as a direct result of defendant's negligence. In effect, a conflict between Instruction No. 2 and Instruction No. 6 was created. See Hunter v. Norton, supra, 412 S.W.2d l. c. 166 [10], wherein it was held that the fact that plaintiff added MAI 7.02 to his damage instruction (MAI 4.01) did not excuse the failure on the part of the plaintiff to add to his verdict-directing instruction the words set out in the "Notes on Use" following MAI 7.01. It was held that this failure created an inconsistency between Instructions 2 and 5, even though Instruction 5 told the jury that they must deduct the sum of $4500 which plaintiff had been paid by another party.

Finally, plaintiff claims that defendant should be estopped from complaining of the error in the instruction on the basis that defendant's counsel failed to call the omission to the attention of the court and counsel at the conference on instructions held pursuant to Rule 70.01(a). This contention is based on the fact that defendant first offered a converse instruction in which, among other things, the jury was told that their verdict must be for the defendant if they did not believe that plaintiff sustained damage as a direct result of the occurrence, and then withdrew that instruction and offered a converse in which the language was changed and the jury was told that their verdict must be for the defendant "if you do not believe that plaintiff sustained damage." We are of the opinion that this does not provide a basis for us to excuse the error in plaintiff's instruction or to apply estoppel against the defendant, and the contention is overruled.

The action of the trial court in granting a new trial is affirmed and the cause remanded for trial.

All concur except STORCKMAN, J., who concurs in result in separate concurring opinion filed.

## OPINION CONCURRING IN RESULT

### STORCKMAN, Judge.

I concur in the result because a new trial was granted by the trial court and our appellate courts are more inclined to affirm the grant of a new trial by the trial court than to grant a new trial where one has been denied by the lower court. I would accept a holding that the trial court is in a better position to discern prejudicial error in the record by reason of the omission of "direct" before "result"; however, I have not been able to determine that the error is prejudicial from my examination of the instructions in the context of the evidence. If counsel for the parties and the court did not detect the omission when the instruction was given, it is not likely that the jury was mislead.

The fault I find with the opinion is that it appears to go beyond the rule in strictness. S.Ct. Rule 70.01(c) says the prejudicial effect of an error arising out of a departure from an approved instruction will "be judicially determined", while the opinion states that "prejudicial error will be presumed" unless it is made perfectly clear that no prejudice could have resulted.

The laudable purpose of Missouri Approved Instructions should not lead us back to the strict, unreasonable and sometimes absurd practice that existed in the days of common-law pleading which has been corrected by Statute of Jeofails in the criminal law (§ 545.030, RSMo 1959, and S.Ct. Rule 24.11) and by the present rules of practice and procedure in the civil field.