Donna L. **ROUTT**, Plaintiff-Respondent,

v.

**BI–STATE TRANSIT DEVELOPMENT AGENCY, a corporation, Defendant-Appellant.**

No. 32687.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1967.

Gerald D. Morris, St. Louis, for defendant-appellant.

James F. Koester, St. Louis, David G. Dempsey, Clayton, for plaintiff-respondent.

WOLFE, Judge.

This is an action for damages arising out of personal injuries which the plain-

tiff suffered. She was a passenger in a bus operated by the defendant corporation. The defendant's driver ran the bus into a depressed sewer inlet causing a violent jar. This caused the plaintiff's head to strike a window of the bus by which she was sitting, and inflicted the injuries for which she seeks recovery in damages. There was a verdict and judgment for the plaintiff in the sum of $15,000 and the defendant prosecutes this appeal.

The occurrence giving rise to this action happened on August 7, 1963. The plaintiff, who was 19 years of age at the time, was on her way home from work. She was a passenger on defendant's bus and was seated about four seats back from the front. She was in a seat on the right side of the bus and next to the window.

The bus was traveling along Waterford Avenue and approaching Yearling Avenue in St. Louis County. It was in the right lane of the street and about a foot from the curb when it ran into the storm sewer inlet which extended out into the street. The jar occasioned by this threw the plaintiff's head against the window. The window broke but the glass did not fall out.

The plaintiff was dazed and her vision blurred. She rode on to her destination and she stated that the driver of the bus helped her off. Her brother and her father met her and assisted her to their automobile as she could not walk alone.

The bus driver testifying on behalf of the defendant stated that he did not see the sewer depression. He said that he was not aware that the sewer opening was there and he was looking straight ahead and did not see it. He testified that the opening is made in such a way that you "have to be right on it before you see it." He also stated he had never before seen a storm sewer like the one there. He said his bus ran into it and made a "real hard jar." He stopped the bus and checked with the passengers to see if any of them were hurt. He said that everyone, including the plaintiff, told him that they were

"O.K." He noticed the window by the plaintiff was cracked. He also stated that he did not help the plaintiff off the bus.

A passenger called as a witness by the defendant said that she was bounced into the air about a foot when the bus went into the sewer inlet but she did not fall off her seat. The witness stated that she noticed the plaintiff before the occurrence and that the plaintiff was sleeping with her body leaning toward the side of the bus and her head bobbing a little with the movement of the bus. The plaintiff denied that she was sleeping.

Among the points raised by this appeal is a claim by the appellant that the verdict is excessive, but since we have decided that the case must be retried because of an erroneous instruction given we will not reach that point. Therefore it will not be necessary to set forth the evidence in relation to the injury that the plaintiff sustained.

The first point raised is that the court erred in giving plaintiff's verdict-directing instruction designated as Instruction No. 4, which is as follows:

"Your verdict must be for plaintiff if you believe:

First, defendant's bus driver drove the bus into a storm sewer, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage."

It is evident, as the appellant contends, that the instruction presents only one issue to the jury and that is whether the driver drove his bus into the storm sewer. It is contended that this is an erroneous submission, in that the use of MAI Instructions is mandatory where one is suitable for use, but respondent counters by asserting that there is no MAI Instruction upon driving into a storm sewer opening and therefore he chose to submit the case by following MAI 17.01 and 17.13. Instruction 17.01 is

a single negligent act submission on the violation of a traffic signal and 17.13 is an optional submission driving on the wrong side of the road. In using either of these instructions as a guide the respondent overlooks the fact that the violation of a traffic signal and driving on the wrong side of the road are respectively a violation of an ordinance in the first place and of a statute in the second place. By reason of this these acts bespeak negligence except in cases where such violations are excusable. See MAI notes under both instructions.

 The case was pleaded on the theory of primary negligence and one of the charges pleaded was a failure to keep a careful lookout. It was tried and argued on that theory. The driver was on the right side of the road in a lane where it was legal for him to travel. The evidence of his negligence is that he failed to observe the depression into which the bus ran in time to have avoided running into it. MAI provides in 17.05, an optional submission which states: "Defendant failed to keep a careful lookout."

Missouri Supreme Court Rule 70.01(b) (c), V.A.M.R., provides:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject.

"(c) The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined."

For the reasons stated the giving of the instruction violates the rule and it was therefore erroneous. Motsinger v. Queen City Casket Company, Mo., 408 S.W.2d 857. The respondent asserts that even though the instruction is erroneous it was not prejudicial. It is argued that defendant's driver's statement that he could not see the sewer inlet was not believable and

that the jury could arrive at no other conclusion than that of negligence. Whether his testimony is believable or not is a jury question which they are called upon to decide under proper instructions. To hold the instruction non-prejudicial would merely result in extending the res ipsa loquitur doctrine beyond the scope of its accepted use. The instruction was prejudicial and erroneous.

 Other matters occurring throughout the trial about which the appellant asserts error may not occur upon retrial and we will not consider them. There is one exception to this and that is appellant's contention that the court erred in refusing to give its offered instruction captioned "A". If we do not dispose of this point the defendant might consider it advisable to again offer it on retrial. It is as follows:

"Your verdict must be for the defendant whether or not defendant was negligent if you believe:

First, plaintiff was asleep with her head bent forward and her neck limber as she sat in the bus; and

Second, plaintiff's conduct as submitted in paragraph First was negligent; and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

The argument in support of this point, which the appellant first advances, is that the defendant is entitled to submit its defense of contributory negligence where such defense is justified under the evidence. With this we are in full accord. The crux of the matter however rests upon whether the evidence that the plaintiff was asleep, if true, would convict her of contributory negligence. We are cited to Scism v. Alexander, 230 Mo.App. 1175, 93 S.W.2d 36; Matta v. Welcher, Mo.App., 387 S.W.2d 265; and Ketcham v. Thomas, Mo., 283 S.W.2d 642. These cases deal with the

duty, under some circmumstances, of a guest in a privately owned automobile to warn of known danger. We are concerned here with a bus passenger on a bus operated by a common carrier. She is seated where she has a right to be and sleeping, if the defendant's evidence is believed. She had a right to rely upon the carrier to transport her safely. Harding v. Triplett, Mo. App., 235 S.W.2d 112, and cases therein cited. There was therefore no evidence of contributory negligence and the court did not err in refusing to give the instruction.

For the error noted in Instruction No. 4 set out above the case is reversed and remanded for a new trial.

ANDERSON, P. J., and RUDDY, J., concur.