**Jone SLYMAN, Plaintiff-Appellant,**

**and**

**John McKaskle, a Minor, by his Next Friend, Jone Slyman, Plaintiff-Appellant,**

v.

**Beverly Libeer GRANTELLO, Defendant-Respondent.**

**No. 24844.**

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Thomas A. Sweeny, Kansas City, for plaintiff-appellant; Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

Roy F. Carter, Kansas City, for defendant-respondent; Sprinkle, Carter, Sprinkle, Larson & Hanna, Kansas City, of counsel.

SPERRY, Commissioner.

Plaintiff Slyman sought money damages because of injuries suffered by her six year old son, plaintiff McKaskle, when he was struck and injured by defendant while operating her automobile on a public street in Kansas City. Plaintiff McKaskle also sued defendant, by his next friend, Slyman, for damages growing out of the injuries suffered by him in that accident. The two cases were consolidated by the trial court. The jury (nine members) returned a verdict for plaintiff Slyman in the sum of $1,600.00, and for McKaskle in the sum of $5,500.00. The court sustained motions for new trial in both cases on the grounds that plaintiffs' verdict directing instructions two and three were prejudicially erroneous. Both plaintiffs appeal.

The facts as stated by plaintiffs are accepted as true by defendant. Briefly, they are as follows. Plaintiff McKaskle was returning to his home from school, located near Virginia, a public street in Kansas City, Missouri. Defendant was operating her automobile in a southerly direction on Virginia. Automobiles were parked along both sides of the street. McKaskle appeared in the travelled portion of the street, having entered from between the parked automobiles on the west side. He was struck by the left front of defendant's vehicle (McKaskle having passed in front of the automobile) and suffered severe injuries. Substantial sums were expended by plaintiff Slyman for his medical treatment.

Instructions two and three were obviously taken from MAI 17.03 and 17.04. Number two, as given, reads as follows:

"INSTRUCTION NUMBER TWO

"Your verdict must be for plaintiff John McKaskle (regardless of any act or conduct on his part which contributed to cause his injuries) if you believe:

"First, defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision, in time thereafter, to

have stopped or swerved or sounded a warning, but defendant failed to do so, or, defendant drove at an excessive speed:

"Second, defendant's conduct in any one or more of the respects submitted in Paragraph First was negligent, and

"Third, such negligence directly (*contributed to cause*) the (*Minor*) plaintiff to sustain damages." (Emphasis ours).

The bracketed language contained in the instruction is not contained in MAI 17.03. We also note that in the instruction as given the word "and" is omitted at the close of the first paragraph. Defendant contends that, by reason of inclusion here of the above language and the exclusion of the "and" the instruction is erroneous on the authority of Rule 70.01, V.A.M.R. We so hold. However, defendant also contends that the error must be held to be prejudicial under the rulings of the Supreme court.

In Brown v. St. Louis Public Service Company, 421 S.W.2d 255 (Mo. en banc), the court considered a case where an applicable MAI was not given, as prescribed, but was modified by the deletion of one word, the court held that such instruction was prejudicially erroneous and (257–258) said:

"* * *

"Plaintiff urges that to grant a new trial for omission of the word 'direct' in the damage instruction is highly technical and makes form govern over substance. It must be recognized, however, that a system of *instruction* such as MAI is inherently standardized and inflexible. If this court is to make this system work, and preserve its integrity and very existence, we must insist that mandatory directions be followed and that the pattern instructions be used as written. Otherwise, as we quoted the special committee's report in our opinions in Motsinger v. Queen City Casket Co., Mo.,

408 S.W.2d 857, 860, and Hunter v. Norton, Mo., 412 S.W.2d 163, 166: ' "* * * If counsel are permitted to 'improve' the approved instructions, even in the confines of specific precedents, the value of these instructions will be lost. Each such 'improvement' by one counsel will prompt an offsetting 'improvement' by his opponent and after awhile the court will not be able to find the original with a divining rod. * * *" '." (Emphasis ours).

Since the criticised language mentioned was authored by plaintiffs, we must assume that such language was used because plaintiffs believed that their positions were thereby improved, that they obtained, or sought to obtain, some benefit not given by MAI, as prescribed for use in this case. In Hunter v. Norton, 412 S.W.2d 163 (Mo.), the court discussed the legal effects of changes made in prescribed MAI when, in fact, none were needed in the case involved. At page 166 the court quoted with approval from Motsinger v. Queen City Casket Company, 408 S.W.2d 857, 860, which quotation we have heretofore set out. We think that the criticised language used in this case was designed to "improve" plaintiffs' position with the approval and sanction of the court, and we cannot say that it did not, in fact do so.

In Brown v. St. Louis Public Service Company, supra, 421 S.W.2d 259, the court said:

"* * *

"Accordingly, where there is a deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation. * * *."

The proponents of this erroneous instruction have not made it clear to us that it is not prejudicially erroneous.

**284**

Instruction number three, as given, is as follows:

## "INSTRUCTION NUMBER THREE

"Your verdict must be for plaintiff Jone Slyman (regardless of any act or conduct on the part of John McKaskle which contributed to cause his injuries) if you believe:

"First, defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision, in time thereafter, to have stopped or swerved or sounded a warning, but defendant failed to do so, or, defendant drove at an excessive rate of speed:

"Second, defendant's conduct in any one or more of the respects submitted in Paragraph First was negligent, and

"Third, such negligence directly (*contributed to cause John McKaskle to be injured*) and Jone Slyman was thereby damaged". (Emphasis ours.)

The bracketed language shown does not appear in MAI 17.03 or 17.04. The word "and" at the close of the second paragraph of MAI 17.03 is omitted from the given instruction.

The deviations appearing in these given instructions constitute error. Proponents of the instructions have not made it "perfectly clear" that no prejudice *could* have resulted therefrom.

We are constrained to hold that instructions two and three are prejudicially erroneous, for which reason the judgments herein are affirmed and the cause is remanded for a new trial.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.