**Joseph F. RONAN, Jr., Respondent,**

v.

**Mrs. Jeanne M. REIDEL, Appellant.**

**No. 26525.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Tweedie Fisher, Jefferson City, for appellant.

Ray A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from the order of the circuit court granting plaintiff a new trial. Suit was filed to recover for personal injuries suffered when the car plaintiff was operating was involved in a collision with defendant's automobile. The cause was submitted to the jury upon both primary and humanitarian negligence. Defendant's requested instruction on contributory negligence was also given to the jury. A verdict for defendant was returned. Plaintiff filed a motion for new trial, which was granted on the ground of error in Instruction No. 4 (contributory negligence) which stated:

> "Your *verdict* must be for the defendant under Instruction No. 3, whether or not defendant was negligent if you believe:
>
> First, plaintiff either:
>
> failed to keep a careful lookout, or drove at an excessive speed, or drove on the wrong side of the road; and

Second, plaintiff's conduct in any one or more respects submitted in paragraph First, was negligent; and

Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained." (emphasis added)

The reason given by the trial court for its ruling was that under the "Notes to Use" following MAI No. 32.01, the emphasized term "verdict" should have been amended to read "finding".

Defendant's sole point on appeal is that the instruction as given was not prejudicially erroneous, because it was not confusing and did not mislead the jury. Appellant argues that the jury could not have been misled because plaintiff's verdict director (on primary negligence, Instruction No. 3), limited recovery " . . . unless you believe plaintiff is not entitled to recover by reason of instruction No. 4," and the application of instruction No. 4 (contributory negligence) was limited to " . . . under instruction No. 3". Since this argument must be rejected, alternative grounds, suggested by plaintiff upon which to sustain granting of the new trial, need not be pursued nor need we consider the opposition to those alternative grounds by defendant based on lack of any cross-appeal by plaintiff.

■ When a case has been submitted on " . . . both primary and humanitarian negligence an instruction which directs a verdict for defendant and ignores plaintiff's right to recover under either submission is erroneous." Sauer v. Winkler, 263 S.W.2d 370, 373 (Mo.1954), and cases cited therein. Because of this rule and the fact that contributory negligence is not a defense to a humanitarian submission, the "Notes on Use" to MAI No. 32.01, Contributory Negligence, directs that when a case is submitted on both primary and humanitarian negligence the contributory negligence instruction should be amended to:

"Your *finding* under Instruction Number —— (plaintiff's primary verdict director) must be for defendant if you believe: . . . " (Emphasis supplied).

rather than

"Your *verdict* must be for defendant if you believe:" (Emphasis supplied).

The substitution of "finding" for "verdict" is "to make it clear that the jury is not dealing with the ultimate determination of the case, but only with one theory of recovery." Missouri Approved Jury Instructions, Second Edition, "Notes on Use" following No. 32.01, page 315.

■ Defendant's contributory negligence instruction was amended to include reference to plaintiff's verdict director on primary negligence, but did not change "verdict" to "finding". The "Notes on Use" to MAI should be "religiously followed." Hunter v. Norton, 412 S.W.2d 163, 166 (Mo. 1967); Royal Indemnity Company v. Schneider, 485 S.W.2d 452, 458 (Mo.App. 1972). The failure to follow the direction to substitute the term "finding" for "verdict" rendered the instruction fatally defective. The phrases added by defendant do not serve as an adequate curative.

A similar amendment is recommended with respect to converse instructions when a case is submitted on primary and humanitarian negligence. Missouri Approved Jury Instructions, Second Edition, General Comments, at page 353.[1] In Payton v. Bi-State Development Agency, 417 S.W.2d 522 (Mo.

---

1. Defendant attempts to find a contradiction or withdrawal of that recommendation by reason of it not being contained in "Notes on Use" under new MAI No. 33.14 and No. 33.15 (Supp.1973). However, that inference is not warranted for two reasons. First, any intention to change a "Note on Use" is specifically so stated. See such specific statements, for example, under MAI No. 33.02, No. 33.03, and No. 33.04. Second, the Committee Comment under both No. 33.14 and No. 33.15 continues the original recommendation by stating: "See General Comment at 33.01."

App.1967), it was held that the giving of a converse instruction without substituting "finding" for "verdict" was erroneous. By analogy, that ruling applies here.

The trial court's order granting plaintiff a new trial is affirmed.

All concur.