Homer **KIRKENDALL** and Wilma Kirkendall, Plaintiffs-Respondents,

v.

Les **TOWNSEND** d/b/a Reliable Sewer Cleaners and Raymond L. Boyd, Defendants-Appellants,

and

Laclede Gas Company, Intervening Plaintiff-Respondent.

No. 37863.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 29, 1977.

Barnard & Baer, Richard O. Funsch, St. Louis, for defendants-appellants.

Dorsey & Aulbert, Gerard M. Dorsey, St. Louis, for plaintiffs-respondents.

McMILLIAN, Judge.

Defendant-appellant appeals from the circuit court of St. Louis City where the court granted plaintiffs' motion for a new trial after the jury returned a verdict for the defendant. The basis for the new trial stems from the prejudicial effect of an instruction which deviated from the applicable Missouri Approved Instructions. Appellant does not raise issues relating to the weight of the evidence; therefore, only a brief review of the facts is presented.

Appellant, Les Townsend, operates a business known as Reliable Sewer Cleaners. Raymond L. Boyd, a named defendant, was employed by appellant as a sewer cleaner.

On July 5, 1975, Boyd was driving a truck owned by the appellant on Pernod Street in St. Louis. At the intersection of Pernod Street and Hampton Avenue, Boyd collided with a Laclede Gas truck driven by respondent Homer Kirkendall. Kirkendall was disabled as a result of the accident and subsequently filed a lawsuit against the appellant and Boyd. Respondent's wife, Wilma Kirkendall, also claimed damages and loss of consortium. Laclede Gas Company intervened claiming indemnification for benefits paid to the respondent as a result of the accident and for a recovery of damages to its truck.

At the close of the evidence, the court read the instructions to the jury. Instruction No. 6, offered by appellant, was objected to by plaintiffs and is the subject of this appeal. Instruction No. 6 states:

"Your verdict must be for both defendants on the claims of both Homer Kirkendall and Wilma Kirkendall for damages whether or not Raymond L. Boyd was negligent if you believe:

"First, Plaintiff Homer Kirkendall violated the traffic signal;

"Second, Plaintiff Homer Kirkendall was thereby negligent;

"Third, such negligence of plaintiff Homer Kirkendall directly caused or directly contributed to cause any damages the plaintiffs may have sustained."

The jury returned a verdict for defendant, and plaintiffs entered a motion for a new trial alleging *inter alia* that Instruction No. 6 was a deviation from MAI 32.01, in omitting the conjunction "and" between the first and second, and the second and third paragraphs. Plaintiffs alleged such an omission from the Missouri Approved Instructions was prejudicial and a new trial was warranted. The trial court, apparently seeing the possible confusion and prejudice of the omission of the conjunction "and" in the instruction, granted plaintiffs' motion for a new trial. This appeal followed.

The sole issue on appeal involves the prejudicial effect of a deviation from the Missouri Approved Instructions. Appellants contend that the trial court erred in granting the motion for a new trial and requests

this court to set aside the court's order and reinstate the jury verdict.

Instruction No. 6 conforms to MAI 32.01 in all respects other than the omission of the conjunction "and" between the first and second paragraphs, and between the second and third paragraphs. Supreme Court Rule 70.01, V.A.M.R., provides, in part, as follows:

"(b) Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject.

"(c) The giving of an instruction in violation of the provisions of this Rule shall constitute error, its prejudicial effect to be judicially determined."

In *Brown v. St. Louis Pub. Service Co.,* 421 S.W.2d 255 (Mo.1967), our supreme court emphasized the need for strict compliance with the Missouri Approved Instructions. The court set out the following test:

"Accordingly, where there is deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made *perfectly clear* by the proponent of the instruction that no prejudice could have resulted from such deviation." Id. at 259 (Emphasis added.)

Appellant contends that the inclusion of a semicolon between the paragraphs of the instruction demonstrates an interrelation so as to negate any confusion. Further appellant contends that despite the minor deviation, it is perfectly clear that no prejudice has resulted. Although we hesitate to express the opinion that every deviation, however small, is grounds for a new trial, we believe that appellant has failed to make it perfectly clear that no prejudice could have resulted. Absent the use of the conjunction "and" following the semicolon, the instruction did not advise the jury that it was required to make a finding on each submitted fact. The inclusion of the conjunction "and" between the paragraphs in MAI 32.01 was intended to eliminate any doubts that a jury is required to make such a finding.

The issue of whether the omission of the conjunction "and" between paragraphs of a Missouri Approved Instruction is error has been considered in several cases. In *Holt v. Myers,* 494 S.W.2d 430 (Mo.App.1973), our court reversed and remanded the case for a new trial because of the omission of the conjunction "and" between the paragraphs of MAI 32.01. Although there were additional reasons why the instruction was prejudicially erroneous, this deviation alone was sufficient to require reversal. In *Motsinger v. Queen City Casket Co.,* 408 S.W.2d 857 (Mo.1966), defendant offered a contributory negligence instruction which omitted the conjunction "and" between the first and second paragraphs. Our supreme court ruled that the omission made the instruction erroneous and remanded the case for a new trial. See also *Slyman v. Grantello,* 429 S.W.2d 282[1] (Mo.App.1968); *Moore v. Huff,* 429 S.W.2d 1 (Mo.App.1968).

Appellant has failed to provide this court with authority that considers the omission of the conjunction "and" harmless error. We trust that in the future such an error will be remedied before the instructions are read to the jury.

While the results reached herein facially may appear to be hypertechnical, yet Judge Finch, in the *Brown* case, summed up the court's philosophy as to variances from MAI instructions this way:

"It must be recognized, however, that a system of instruction such as MAI is inherently *standardized* and *inflexible.* If this court is to make this system work, and preserve its integrity and very existence, *we must insist that mandatory directions be followed* and that the pattern instructions be used *as written."* Id. at 258 (Emphasis added.)

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.