B.A. SALES, INC., Plaintiff–
Respondent,

v.

Fred MURRAY, Defendant–Appellant.

No. 28288.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 3, 2008.

Richard L. Rollings, Jr., Camdenton, Kenneth O. McCutcheon, Jr., Versailles, for Appellant.

Clarence W. Hawk, Osage Beach, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

B.A. Sales, Inc. ("Respondent") contracted with Fred Murray ("Appellant") to provide grading and excavation services for Respondent. After Appellant completed the excavation, a dispute arose regarding the actual number of cubic yards of material excavated and the amount owed by Respondent to Appellant. Respondent brought suit against Appellant seeking reimbursement for overpayment; Appellant

filed his answer and counterclaim seeking additional payment. The jury found in favor of Respondent and awarded damages in the amount of $29,830. We reverse the judgment and remand for a new trial.

In his point on appeal, Appellant claims error when the court, on its own motion, announced its intention to make an addition to MAI 2.05. The court stated its concern at the possibility of inconsistent verdicts. Specifically, Appellant argues that the trial court erred in giving Instruction 9 and refusing to give the unmodified version of MAI 2.05, because (1) "an applicable MAI must be given when requested and modifications of MAI instructions must be impartial and not mislead, misdirect, or confuse the jury," (2) this is not a case where an MAI required modification to correctly instruct the jury, (3) "[t]he trial court was attempting to improve MAI 2.05" when it "did not have authority to attempt any improvement," and (4) MAI 2.06 applies when a jury returns inconsistent verdicts. Appellant further states that the erroneous modification of MAI 2.05 creates a presumption of prejudice that is confirmed by the record and must be rebutted by Respondent. He further alleges that he was prejudiced by the modification of MAI 2.05 because it misled, misdirected, and confused the jury and implied that the instructions regarding Respondent's claim were more important than the instructions regarding Appellant's claim.

Appellant argues that the jury was misled because Instruction 9 conflicted with Instruction 2, which was unmodified MAI 2.03. Instruction 2 provides:

> [E]ach instruction is equally binding upon you. You should consider each instruction in light of and in harmony with the other instructions, and you

should apply the instructions as a whole to the evidence.... The order in which the instructions are given is no indication of their relative importance.

We review *de novo* whether a jury is properly instructed. *Syn, Inc. v. Beebe*, 200 S.W.3d 122, 128 (Mo.App. W.D. 2006). Because this case involves an MAI instruction, we first look to Rule 70.02(b),[1] which mandates:

> Whenever Missouri Approved Instructions contains an instruction applicable in a particular case that the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other instructions on the same subject. Where an MAI must be modified to fairly submit the issues in a particular case, or where there is no applicable MAI so that an instruction not in MAI must be given, then such modifications or such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.

The Committee Comment (1996 Revision) to the MAI Instructions states,

> You may have the ability to improve an instruction in MAI but you do not have the authority to do it. Do not do it. The use of a provided MAI is mandatory. If you think the change of a word or phrase will make it a better instruction, do not do it. You are falling into error *if you do.*

"[W]here there is deviation from an applicable MAI instruction which does not need modification under the facts in the particular case, prejudicial error will be presumed unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such devia-

---

1. All rule references are to Missouri Court Rules (2008), unless otherwise specified.

tion." *Brown v. St. Louis Public Service Co.*, 421 S.W.2d 255, 259 (Mo. banc 1967).

■ According to the plain language of Rule 70.02, the trial court should have modified MAI 2.05 only if the modification was necessary to fairly submit the issue in the case. Respondent claims the possibility of an inconsistent verdict warranted a revision to the instruction. Respondent argues:

> It would have been a legal and logical impossibility for both [Respondent] and [Appellant] to prevail on their respective claims and thus, the unmodified instruction offered by [Appellant] was inconsistent with the other instructions and would have been confusing to the jury. The trial court made necessary modifications to the instruction to avoid confusing and misleading the jury.... [T]he additions made by the trial court were consistent with the requirements of Rule 70.02(b).

Respondent further asserts that the modification was not prejudicial because (1) the language simply allowed the jury to return a verdict after making the finding needed to address both parties' claims, (2) it did not add an additional element, but simply did not require the jury to continue through the remaining instructions when it was unnecessary to do so, (3) Respondent's counsel's comments during closing arguments were appropriate and merely clarified the reality that once a decision was made as to the "ultimate question" it was unnecessary to continue to the instructions for Appellant's claim as the jury's conclusion was necessarily provided in its finding in Verdict A, (4) the trial court determined that no party would be prejudiced, and (5) Instruction Nos. 2 and 9 were compatible and did not result in prejudice. In fact, Respondent states, "[i]f the modification of 2.05 had any effect on the case it was to help harmonize the inconsistencies of two verdict claims that were mutually exclusive and the modification clarified the procedure but did not change the substantive instructions in any way." We disagree.

MAI 2.05, which is used when it is necessary to package instructions, provides:

> Instructions _____ through _____ and general instructions 1 through _____ apply to the claim of [Appellant]. Use Verdict _____ to return your verdict on this claim.

The court modified MAI 2.05 by adding the following italicized words:

### INSTRUCTION NO. 9

*If you find in favor of [Respondent] on verdict A, do not continue any further. If you find in favor of [Appellant] on verdict A,* Instructions 10 through 11 and general instructions 1 through 5 apply to the claim of [Appellant]. Use Verdict B to return your verdict on this claim. MAI 2.05

Thus, the first sentence and opening phrase of the second sentence of Instruction 9 are additions to MAI 2.05.

MAI 2.05 was appropriate to instruct the jury without any modifications. It impartially and directly instructed the jurors on the procedure to be used in determining their verdict. While it is true that inconsistent verdicts could have resulted, MAI 2.06 directly deals with the steps to take if the jury returns inconsistent verdicts. Rule 70.02 and the comments anticipated that there would be occasions in which jurors could render inconsistent verdicts. That possibility does not compel the modification of MAI 2.05 but rather necessitates the giving of MAI 2.06 if inconsistent verdicts are rendered as MAI 2.06 provides:

> 2.06 [1983 New] Explanatory—Inconsistent or Erroneous Verdict

The court cannot accept your verdict[s] as written. [Verdict ____ and Verdict ____ are inconsistent.] You should examine your verdict[s] in light of all of the instructions. [A][N]ew verdict form[s] are [is] attached for your use, if needed. Do not destroy any of the verdict forms.

Furthermore, despite the provisions contained in Instruction 2, which were patterned on MAI 2.03, that each instruction was equally binding and that the order of the instructions did not indicate importance, Instruction 9 told the jury to decide the claim of Respondent first. The jury was told not to even read Instructions 10 and 11 and Verdict B if they found in favor of Respondent on Verdict A. During closing arguments, counsel for Respondent explained that Instruction 9 indicated that if the jury found for Respondent on Verdict A, then it did not need to do anything more. Appellant argues that because the jury did in fact return Verdict A in favor of Respondent, the jury may never have read Instructions 10 and 11 and Verdict B, and because the jury may not have read the instructions related to Appellant's claim, Instruction 9 did not impartially submit the issues to the jury for determination.

■ Because MAI 2.05 should have been submitted but was not, prejudicial error is presumed. *Brown*, 421 S.W.2d at 259. We find *Brown* to be instructive. In *Brown*, the trial court omitted the word "direct" before the word "result" in the second to last line of MAI 4.01. *Id.* at 256–57. The *Brown* court held that because this was an erroneous MAI instruction, prejudice was presumed. *Id.* at 259. The proponent of the instruction argued that the jury could not have found anything but direct damages. *Id.* The *Brown* court found that argument did not rebut the presumption of prejudice be-cause the instruction as written would include direct and indirect damages. *Id.* Since there was no evidence of indirect damages, it was erroneous to instruct on indirect damages. *Id.* The *Brown* court also found that the presence of the word direct in another instruction did not render harmless the defect in MAI 4.01, so the court remanded the case for a new trial. *Id.* at 260.

As in *Brown*, the proponent of the instruction must demonstrate that no prejudice resulted. *Murphy v. Land*, 420 S.W.2d 505, 507 (Mo.1967). Respondent must make it perfectly clear that no prejudice to Appellant resulted from the error. *Jenkins v. Keller*, 579 S.W.2d 166, 167 (Mo.App. S.D. banc 1979). Instruction 9 did not impartially submit the claims to the jury. Appellant had the right to instructions that informed the jury to consider his claim. Respondent has not met its burden of making it perfectly clear that there was no prejudice in this case resulting from the error. The deviation from MAI 2.05 was prejudicial error. We reverse and remand for a new trial.

LYNCH, C.J., BURRELL, P.J., concur.