Bernard Christopher. DUREN, Plaintiff-Respondent,

v.

George Albert DOUGHERTY, Defendant-Appellant.

No. KCD 29965.

Missouri Court of Appeals, Western District.

July 31, 1979.

William A. Atkinson, Welliver, Atkinson & Eng, Columbia, for defendant-appellant.

Hamp Ford, Knight & Ford, Columbia, Michael L. Midyett, Midyett & Shea, Keytesville, for plaintiff-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Bernard Duren filed suit against George Dougherty for personal injuries and property damages resulting from an automobile accident. Dougherty and his wife, Dee, filed a counterclaim for personal injuries. The jury returned a verdict in favor of Duren for $18,000 personal injuries and $675 property damage and found in favor of Duren on the counterclaims. On this appeal Dougherty raises the decisive issue of

error in giving Instruction No. 9 because it failed to follow the Notes on Use of MAI 4.01. Reversed and remanded.

From the evidence presented by Duren the jury could have found that Duren was driving north on Highway 5 on the outskirts of Fayette and Dougherty was southbound. Duren stated the Dougherty vehicle suddenly crossed the centerline in front of him and struck the left front of his automobile. Dougherty's version was that he was driving south when he "blacked out" and he has no memory of crossing the centerline. Duren's case was submitted on Dougherty driving on the wrong side of the road. Dougherty submitted contributory negligence and the counterclaims on Duren's excessive speed.

The court gave Instruction No. 9 in the form of MAI 4.01[1]. The Notes on Use following MAI 4.01 direct the phrase "on plaintiff's claim for damages" be added after the word "plaintiff" in the first clause of the instruction if there is a counterclaim. Instruction No. 9 omitted "on plaintiff's claim for damages" even though there was a counterclaim by Dougherty and his wife. Dougherty asserts Instruction No. 9 as given was erroneous because the Notes on Use were not followed and argues that by omitting "on plaintiff's claim for damages" the jury was not informed as to the identity of the issues required to be found before it could award Duren damages. Dougherty points out the language of this instruction would allow the jury to award Duren damages even though the jury only found the issues in favor of Duren on the counterclaim filed by Dougherty but did not find the issues in favor of Duren on Duren's claim for damages.

■ There is no doubt the Notes on Use contained in MAI are to be followed. *Royal Indemnity Company v. Schneider*, 485 S.W.2d 452, 458[4] (Mo.App.1972). Nor is there any doubt that prejudicial error is presumed when there is a deviation from an applicable MAI instruction, "unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from such deviation." *Brown v. St. Louis Public Service Company*, 421 S.W.2d 255, 259[3] (Mo. banc 1967). Beyond question Instruction No. 9 deviated from the MAI form mandated to be used in this case when it omitted the phrase "on plaintiff's claim for damages" which was required by the Notes on Use. This is presumed to be prejudicial error unless Duren can show that no prejudice could have resulted.

■ Duren argues that no prejudice resulted because the jury, consisting of reasonable people, would not have been misled and for the further reason that if Dougherty felt the instruction was too general because the required phrase was omitted, he had the obligation to offer an instruction to correct the mistake. It is apparent from *Brown* and *Royal Indemnity* that Dougherty had no responsibility to offer an instruction to cure the mistake. MAI required Instruction No. 9 to contain the phrase "on plaintiff's claim for damages" and in that situation Dougherty was not required to offer an instruction to correct the omission. In fact, the court could not have given any instruction on the measure of damages other than 4.01 in proper form.

■ Duren's argument that reasonable people on the jury could not have been misled by the instruction is not persuasive. The bare allegation that the jury could not have been misled does not satisfy the burden placed upon Duren to make it perfectly clear that no prejudice could have resulted from the deviation. On the contrary, it is apparent that the omission of the required phrase created a conflict within the instructions because under Instruction No. 9 the jury could have found the issues on the counterclaim in favor of Duren but not have found the issues on Duren's claim in his favor. Yet under Instruction No. 9 all

---

1. If you find the issues in favor of the plaintiff, then you must award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

that was required in the absence of the required phrase "on plaintiff's claim for damages" was that the issues on any claim be found in favor of Duren and he was then entitled to recover damages. The Notes on Use require in this case the insertion of "on plaintiff's claim for damages" for good reason to pinpoint the claim on which the jury must find the issues in favor of the plaintiff before they can award the plaintiff damages. By reason of the deviation from MAI the error is presumed prejudicial and since it is not shown that prejudice could not have resulted from the deviation the judgment must be reversed and the cause remanded.

Dougherty complains also of Instructions 2 and 6 because in both of these the old form of MAI 17.13 which was used which submitted "defendant George Albert Dougherty drove on the wrong side of the road" instead of the required form "defendant's automobile was on the wrong side of the road." Duren concedes this mistake but claims it was non-prejudicial. It is not necessary to decide that question because the case is being remanded. On retrial, of course, the correct form should be used.

■ Dougherty also complains of Instruction No. 7 which was MAI 3.01 modified. That instruction contained the sentence: "The burden is upon defendant George Albert Dougherty and Dee C. Dougherty to cause you to believe the propositions necessary to support their counterclaims against plaintiff Bernard Christopher Duren and the defense of George Albert Dougherty that plaintiff Bernard Christopher Duren was contributorily negligent as submitted in Instruction No. 3." Dougherty contends this instruction erroneously placed the burden of proof upon Dee to prove the defense of contributory negligence. This objection is well taken and on retrial the instruction can easily be drafted so that the burden of proving contributory negligence is not placed on Dee.

■ Dougherty also complains about Instruction No. 13, the form of verdict, which was MAI 36.04 modified. The principal complaint concerns the inclusion of Dee in the introductory paragraph of the form of verdict for finding in favor of Duren. This paragraph read: "If all of you agree upon a verdict in favor of the plaintiff Bernard Christopher Duren and against defendant George Albert Dougherty, and against Dee C. Dougherty, it may be in the following form: . . . ." Dougherty complains that Duren did not sue Dee and it was confusing to the jury to have her name listed in this paragraph. On retrial Dee's name should be stricken from that paragraph. This instruction also fails to follow 36.04 so far as possible. The form requires modification to include a form of verdict on Dee's counterclaim, but with that exception it should follow the prescribed form.

The remaining questions need not arise on a retrial.

For the error in giving Instruction No. 9, the judgment is reversed and the cause is remanded.

All concur.