Robert R. ECKERT and Mary K.
Eckert, Respondents,

v.

Cyrus C. DISHON and Bernita E.
Dishon, Appellants.

No. WD 31529.

Missouri Court of Appeals,
Western District.

June 2, 1981.

Larry E. Scott and Wendell E. Koerner, Jr., St. Joseph, for appellants; Brown, Douglas & Brown, St. Joseph, of counsel.

Stanley I. Dale and Candace J. Barnes of Dale, Flynn, Mendell & Barnes, St. Joseph, for respondents.

Before MANFORD, P.J., and DIXON and NUGENT, JJ.

MANFORD, presiding Judge.

This is an action for breach of implied warranty. The Judgment is reversed and the cause remanded.

Although appellants present several alleged errors, only one serves the purpose of the disposition of this appeal. The merits of the remaining arguments are neither reached nor passed upon. Appellants allege that the trial court erred in the submission of the verdict-directing instruction. (MAI 25.03 as modified.) They allege that no modification was necessary. In addition, they attack specific modifications which include: (a) in the first paragraph, the deletion of the word "sold" and the inclusion of the phrase "... knew of the use for which plaintiffs purchased ...; (b) paragraph second is a complete addition to MAI 25.03 by the addition of, "second, defendants impliedly warranted that the residence at 414 Woodcrest Drive, St. Joseph, Missouri was constructed in a skillful and workmanlike manner and was free from defects in workmanship and material"; (c) paragraph second includes the legal term "impliedly warrant" without definition of such term; (d) said instruction, paragraph second, misstates the law as to implied warranty because implied warranty is one of habitability or merchantability and said instruction advises the jury that the residence "was constructed in a skillful and workmanlike manner and was free from defects in workmanship and materials ..." (e) paragraph third states that "... plaintiffs reasonably

relied upon defendants skill and judgment in the selection and purchase of the residence . . ." and (f), paragraph third adds the word "skill" and replaces the words "suitability" and "fitness" with the phrase "selection and purchase".

Respondents, by contract, purchased a home from appellants. The contract price was $62,750.00. Respondents moved into the home on April 1, 1977. Prior to their occupancy, respondents noticed water entering a basement window. Appellants were advised of the situation, and assured respondents that it would be corrected. Water again entered the basement on June 21, 1977, resulting in damage to the carpeting. No water entered the basement again until March 14, 1978. During this period of time, the parties were discussing the matter and taking various corrective approaches to try to eliminate the problem. Excavation and the installation of a sump pump were included in the efforts to correct the problem. Respondents made claims for specific items of damage, and over objection, were given permission to testify as to the "before and after" value of the property. The evidence closed and the jury returned a verdict for $10,000. The trial judge sent the jury back for further deliberation and the jury returned a second time with a verdict for $13,000. Voluntary remittitur by respondents returned the judgment to the sum of $10,000.

■ MAI 25.03 is the applicable instruction to the instant proceedings. Where an approved instruction is applicable, its use is mandatory. See *Sands v. R. G. McKelvey Bldg. Co.*, 571 S.W.2d 726 (Mo.App.1978) and *Sams v. Green*, 591 S.W.2d 15 (Mo.App. 1979). The failure to use the mandatory instruction presumes prejudicial error. *Duren v. Dougherty*, 585 S.W.2d 527 (Mo.App. 1979).

Respondents acknowledge the general rule applicable to the mandatory use of approved instructions, but argue that the instant modification of MAI 25.03 did not constitute prejudicial error. They urge that Rule 70.02(c) provides for judicial determination of the prejudicial effect of the error. This court is fully cognizant of its responsibility pursuant to Rule 70.02(c), but cannot agree with respondents that modification of MAI 25.03 did not constitute prejudicial error.

■ Review of the challenged instruction reveals that removal of the word "sold" and the substitution of the phrase "knew of the use for which plaintiffs purchased" is a major deviation from MAI 25.03. Additionally, although the evidence reveals that the property was sold to respondents, there is no evidence upon this record which alludes to the use for which the property was purchased.

The instruction as modified includes (paragraph second) the term "impliedly warranted" which is a technical, legal term. Such terms must be defined, see *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76 (Mo.App.1979), and the instructions herein do not contain any definition.

Implied warranty (concerning residential property) is the warranty of habitability and merchantability and not that such property was constructed in a skillful and workmanlike manner and that it was free from defects in workmanship and materials. The modification of MAI 25.03 deviated markedly from the recognized principle of implied warranty.

The particular instruction (paragraph second) submitted to the jury an inapplicable test by instructing the jury to find the residence to be free from defects. It is not required that such a finding be made. See *Matulunas v. Baker*, 569 S.W.2d 791 (Mo.App.1978); *O'Dell v. Custom Builders Corp.*, 560 S.W.2d 862 (Mo. banc 1978) and § 400.-2–314, RSMo 1978. Respondents counter this attack by saying that it placed a greater burden on respondents, and appellants cannot claim that they were prejudiced because appellants benefitted from the additional burden upon respondents.

Paragraph third reflects a further modification by adding the word "skill" and deleting the terms "suitability and fitness" and replacing them with the phrase "selection and purchase", all of which are in contra-

vention of the prescribed terms of MAI 25.03.

This court cannot agree with respondents that prejudicial error did not result from the modification of MAI 25.03. The instruction as modified was at best confusing, and it cannot be said that the modified instruction did not mislead the jury on the law of implied warranty. Without restating each modification, it suffices to say that the instruction could have misled the jury by requiring them to find the residence free from defects and built in a workmanlike manner. Such is not the proper direction mandated by MAI 25.03. It has been shown, both upon the record of this case and on this appeal, that there was deviation by modification of MAI 25.03 and that prejudice could have resulted. See *Duren v. Dougherty, supra.*

For the reasons set forth herein, the judgment is reversed and the cause remanded.

All concur.