Roger D. SULLENS and Debra Sullens, Plaintiffs-Appellants,

v.

Avis E. ROBERTS and Champion Parts Rebuilders, Inc., a Corporation, Defendants-Respondents.

No. WD 32166.

Missouri Court of Appeals, Western District.

Nov. 3, 1981.

Leroy H. Wilbers, Jefferson City, for appellants.

Fletcher Allen Speck, Kansas City, for defendants-respondents; Jackson & Sherman, P. C., Kansas City, of counsel.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

The plaintiffs, Roger D. and Debra Sullens, appeal from a judgment based on a jury verdict against them in their personal injury action. We affirm.

The suit arose out of an accident which occurred when defendant Roberts drove his car from a private drive on plaintiff Roger Sullens' right and into Sullens' path. To avoid a collision, Sullens veered to the left and struck an oncoming vehicle. In Count I of the petition, Mr. Sullens alleged that he suffered bodily injuries. In a separate count, Mrs. Sullens sought damages for loss of her husband's services and consortium.

At trial the court gave plaintiffs' verdict directing instructions (Nos. 4 and 5), submitting defendant Roberts' negligent failure to yield the right of way as the cause of plaintiffs' losses. At plaintiffs' request, the court gave Instruction No. 8: "The term 'negligent' or 'negligence' as used in these instructions means the failure to use that degree of care that a very careful and prudent person would use under the same or similar circumstances".

At defendants' request, the court gave an instruction on contributory negligence, No. 7:

> Your verdict must be for both the defendants on the claims of both Roger Sullens and Debra Sullens if you believe:
>
> First, plaintiff Roger Sullens either:
>
> failed to keep a careful lookout, or drove on the wrong side of the road, or knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped or slackened his speed but plaintiff Roger Sullens failed to do so; and
>
> Second, plaintiff Roger Sullens' conduct in any one or more of the respects submitted in paragraph First, was negligent; and
>
> Third, such negligence of plaintiff Roger Sullens directly caused or directly contributed to cause any damages the plaintiffs may have sustained.

No other instruction defined "highest degree of care".

The only issue on this appeal is whether the court erred in not defining the term

"highest degree of care" which appeared in defendants' contributory negligence instruction.

Instruction No. 7 appears to be a composite of MAI 32.01, 17.05, 17.13, and 17.04. Both the 1977 and the 1978 revision of the Notes on Use for MAI 11.01, 11.03 and 17.04 specify that "[t]he phrase 'highest degree of care' must be defined." MAI 11.01 defines the highest degree of care as "that degree of care that a very careful and prudent person would use under the same or similar circumstances."

█ Rule 70.02(b) provides that, when applicable, an approved instruction "shall be given to the exclusion of any other on the same subject." Deviation from an applicable MAI instruction by omission of part of it is presumed to be error "unless it is made perfectly clear ... that no prejudice could have resulted from such deviation." *Brown v. St. Louis Public Service Company*, 421 S.W.2d 255, 259 (Mo. en banc 1967); *Jenkins v. Keller*, 579 S.W.2d 166, 167 (Mo.App. 1979). The Supreme Court has thus indicated and we hold that omissions of MAI applicable instructions, like their first cousins "instructions [given] in violation of ... Rule [72.02]", constitute error the prejudicial effect of which must be judicially determined. Rule 72.02(c). Resolution of this case thus requires answers to two questions: First, was the omission error? If so, was it so prejudicial as to compel reversal? *McGowan v. Hoffman*, 609 S.W.2d 160, 163–64 (Mo.App.1980). If in answering the second question the judicial mind and conscience conclude that the record makes perfectly clear that no prejudice could have resulted from the omission, the error may be disregarded.

█ In answer to the first question, we find the failure to define "highest degree of care" was error. "[W]here an instruction is used and includes a term or phrase which is defined by a M.A.I. form, it is error not to use the M.A.I. definition." *Fowler v. Laclede Gas Company*, 488 S.W.2d 934, 937 (Mo.App.1972). MAI 11.01 and 11.03 both define "highest degree of care". The Notes on Use direct that the term be defined;

they are authoritative and should be religiously followed. *Duren v. Dougherty*, 585 S.W.2d 527, 529 (Mo.App.1979); *Hill v. Barton*, 579 S.W.2d 121, 129 (Mo.App.1979).

█ Given the error, its prejudicial effect must be assessed. As proponents of the erroneous instruction, defendants bear the burden of showing that no prejudice could have resulted, and they may not avoid that burden by pointing to plaintiffs' failure to ask for the definition instruction. Plaintiffs are not the keepers of defendants' case. The proponent of an instruction from MAI bears the burden of offering a complete and correct version. *Duren, supra.*

█ Nevertheless, considering the instructions as a whole, *McGowan v. Hoffman, supra*, at 164, we conclude that the record makes perfectly clear that the plaintiffs could not have been prejudiced. Instruction No. 8 defined negligence as failure to use "that degree of care that a very careful and prudent person would use under the same or similar circumstances". In precisely the same terms, MAI 11.01 defined "highest degree of care". Thus, to find plaintiff Roger Sullens contributorily negligent, the jury was required to conclude that he failed to use "that degree of care that a very careful and prudent person would use under the same or similar circumstances", that is, the highest degree of care. Although, because of the abbreviated record on appeal, all the facts are not before this court, the facts of the case are apparently simple. A reasonable jury without the slightest difficulty could assess the evidence and follow the instructions. At least as applied in this case, "highest degree of care" is not an esoteric term. Moreover, ironically, the solitary and unobtrusive reference to "highest degree of care" may have aided plaintiffs' cause. A definition would have repeated and emphasized the term. An attentive jury might have noted that Instructions Nos. 4 and 5 did not expressly designate "highest degree of care" as the standard applicable to defendants' conduct. (Of course, these instructions did

hold defendants to the highest degree of care with the definition of negligence in Instruction No. 8.)

The failure to define "highest degree of care" did not prejudice plaintiffs' case; nonetheless, it behooves litigants to obey the MAI Notes on Use. The next time, under slightly different circumstances, the proponent of the offending instruction may not enjoy the appellate court's indulgence.

Affirmed.

All concur.