Frank P. BEGLEY, Plaintiff-Respondent,

v.

WERREMEYER ASSOCIATES, INC., Defendant-Appellant.

No. 43177.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 24, 1982.

Schlafly, Griesedieck, Ferrell & Toft, St. Louis, for defendant-appellant.

Ruppert, Westhus, Benjamin, Clayton, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant (defendant below), Werremeyer Associates, Inc., appeals the judgment of the circuit court of St. Louis County in a civil action for breach of an employment contract. The case was tried before a jury. The jury found the issues in favor of respondent-plaintiff, Frank Begley, and assessed respondent's damages under a liquidated damages clause at $48,750.00. We reverse and remand for the reasons given below.

In August, 1975, appellant, a Missouri corporation, entered into an employment contract with respondent. The employment term commenced September 1, 1975 and ended August 31, 1977. Respondent was hired as Vice-President of appellant at an annual salary of $39,000 plus a yearly bonus of twenty-five percent of the net profits of the corporation. In the agreement, respondent agreed to faithfully and diligently serve appellant to the best of his ability, to devote his undivided time and attention to appellant's business during customary business hours, and to not engage in any competing business during the term of the agreement. The contract further provided that if appellant violated the contract by dismissing respondent other than for cause before the termination of the contract, appellant would pay respondent an amount equal to the total salary respondent would have earned from the date of breach to the date of termination had he been permitted to fully perform the terms of his employ-

ment. Respondent's bonus was excluded from the computation of his salary. On May 3, 1976, without prior notice, appellant discharged respondent.

As vice-president, respondent was to prepare and present proposals for contracts between appellant corporation and other St. Louis corporations. The parties agree that respondent did prepare and present ten proposals to various corporations. Respondent was successful in getting only two contract awards. At trial respondent testified that he performed his duties under the contract and that appellant did not criticize him for the work he was doing in the preparation and presentation of the various contracts. Appellant, on the other hand, presented evidence showing that respondent's work was not satisfactory or professional.

Appellant's first point on appeal is that the trial court erred in submitting instruction number three which was offered at trial by respondent. The propriety of giving that instruction is the decisive issue in this case. On that basis we reverse.

■ At trial, respondent submitted two instructions, No. 2 and No. 3, relating to the burden of proof. Instruction No. 2, MAI 3.01 (1980) reads as follows:

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim or defense depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

Both parties admit that the burden of proof instruction, MAI 3.01, is the proper burden

of proof instruction in the case at bar.[1] In addition to instruction No. 2, the trial judge also gave instruction No. 3 which reads:

If you determine that the plaintiff has met his burden of showing by a preponderance of the evidence that he substantially performed his part of the contract, then the defendant has the burden of showing by a preponderance of the evidence that plaintiff's discharge was for good cause under the Employment Agreement.

■ This instruction clearly deviates from the MAI-approved instruction, Instruction No. 2. Rule 70.02(b) (1977) states that applicable MAI instructions requested by the parties or submitted by the court are to be given to the exclusion of any others on the same subject. A violation of Rule 70.02(b) is error. Rule 70.02(c). Prejudicial error is presumed when there is a deviation from an applicable MAI instruction, unless it is made perfectly clear by the proponent of that instruction that no prejudice could have resulted. *Duren v. Dougherty,* 585 S.W.2d 527, 529 (Mo.App.1979). Respondent has failed to convince this court that instruction No. 3 was not prejudicial to the defendant.

■ First we note that the two instructions are inconsistent. Instruction No. 2 properly depicts the burden of proof as a burden of "causing [the jury] to believe." Instruction number three characterizes the burden of proof as a burden of proving "by a preponderance of the evidence." The Supreme Court committee on jury instructions specifically rejected the use of the phrase "preponderance of the evidence" because that phrase tends to mislead the jury in understanding the burden of proof. 1963 Report to the Missouri Supreme Court, MAI (Second Edition) (1969), p. XXIV. One misleading instruction and one proper instruction are clearly inconsistent. It is prejudicially erroneous to give inconsistent and

1. MAI 3.01 (1980) was approved, but not effective at the time of trial. Under Rule 70.02(c)

the use of this instruction by the trial judge is not error.

contradictory instructions. *Barkley v. Mitchell,* 411 S.W.2d 817, 823–824 (Mo.App. 1967).

Secondly, the two instructions were not only inconsistent with regard to the nature of proof required, but instruction No. 3 was prejudicial in that it improperly instructed the jury on a burden of proof already covered by Instruction No. 2. Instruction two instructed the jury that the burden to prove a proposition is on the party whose "claim or defense" depends upon that proposition. Instruction three instructs the jury that the burden of proof as to the affirmative defense that plaintiff was discharged for cause was on the defendant. "Notes on Use," MAI 3.01 (1980) specifically states that it is no longer necessary to modify an instruction to specifically refer to the burden of proof on an affirmative defense because the second sentence of the instruction covers both the plaintiff's and the defendant's burden of proof. Respondent, in offering instruction No. 2, had already submitted a proper, comprehensive instruction. As stated above, Rule 70.02(b) states that applicable MAI instructions are to be given to the exclusion of any others on the same subject. We find that the giving of two burden of proof instructions was error under Rule 70.02(c). Instruction No. 3 is clearly confusing and misleading to a jury of reasonably intelligent men and women. *James v. Turilli,* 473 S.W.2d 757, 763 (Mo. App.1971). It constitutes prejudicial error.

Respondent denies there is any prejudicial effect on the basis that instruction No. 3 is not a burden of proof instruction. This claim is without merit. The court in *Campbell v. Terminal R. R. Association of St. Louis,* 235 Mo.App. 56, 126 S.W.2d 915, 919 (1939) characterized an instruction using the language "the burden would be on the defendant to show that said injuries, if any . . . occurred without negligence on the part of the defendant," as an instruction placing the burden of *proof* on the wrong party. The fact that the very words "burden of proof" were not used was irrelevant to the fact that the instruction communicated to the jury that defendant had a burden of proof. *Id.,* 126 S.W.2d at 920. The court found that instruction prejudicially erroneous because it was in conflict with a proper burden of proof instruction which had been given. *Id.,* 126 S.W.2d at 920. Even if respondent's characterization of the instruction as one explaining the burden of going forward with the evidence is true, the instruction would be incorrect and improper. The appellant has no burden of proving by a preponderance of the evidence something for which he has the burden of going forward with the evidence. Preponderance of the evidence is a legal standard for the burden of proof, not for going forward with the evidence. We conclude for the reasons stated that the trial court committed error prejudicial to the appellant when it gave instruction No. 3.

■ On appeal, appellant contends that it does not have the burden of proving that the respondent was discharged for failure to substantially comply with the contract. We note that at trial plaintiff has the burden of proving substantial performance under the contract up until the time of the alleged breach. *Meyer v. Weber,* 233 Mo. App. 832, 109 S.W.2d 702 (1937). Insofar as defendant's evidence rebuts plaintiff's prima facie case, the issue of plaintiff's substantial performance is not converted into an affirmative defense which defendant must prove. *Craig v. Thompson,* 244 S.W.2d 37, 42 (Mo. banc 1951). The trial court should note that MAI 3.01, Notes on Use (1981) states that the words "or defense" in the second sentence of MAI 3.01 (1980) are to be used only when an affirmative defense is submitted.

■ Additionally, we note that the liquidated damages clause in the employment contract is enforceable. The contract at issue included a fixed monthly salary plus bonus provisions. Under the liquidated damages clause respondent could recover his lost monthly wages due under the re-

maining term of the contract. Respondent was not, however, to collect any damages based on estimated bonuses. The unpaid bonuses under the contract, which are difficult of accurate determination, were excluded under the liquidated damages clause. We do not believe the amount agreed to was "so disproportionate to the amount of any such damage reasonable to be contemplated as to be oppressive." *Wilt v. Waterfield,* 273 S.W.2d 290, 295 (Mo.1954). We, therefore, find appellant's points III and IV without merit.

Because this matter is remanded for a new trial, we need not address appellant's complaint that the trial court erred in giving instruction No. 4. We merely reiterate our point expressed above that the trial court should adhere to MAI Instructions whenever possible.

Reverse and remand.

SMITH, P. J., and SATZ, J., concur.