Jo Ann GRIFFON and Kenneth Griffon, Plaintiffs-Appellants,

v.

Jack G. NORTHCOTT, Defendant-Respondent.

No. 44813.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 9, 1983.

Lawrence O. Willbrand, P.C., St. Louis, for plaintiffs-appellants.

Richard O. Funsch, St. Louis, for defendant-respondent.

STEPHAN, Judge.

Plaintiffs Jo Ann and Kenneth Griffon appeal from a jury verdict and judgment against them based on a personal injury claim resulting from a motor vehicle collision. We affirm.

On December 23, 1978, at about 10:30 p.m., defendant was driving his Chevrolet automobile south on highway 141 in St. Louis County. Plaintiff Kenneth Griffon was driving north on highway 141 in his 1978 Toyota pickup truck. His wife, a passenger in the truck, is also a plaintiff. At the intersection of highway 141 and the entrance ramp to eastbound Interstate 44, there were flashing electric traffic signals, in addition to islands and separate lanes to enter or exit Interstate 44.

Defendant stopped at the intersection, intending to turn left onto eastbound I–44, and waited for about a minute for oncoming traffic to pass. Thereafter, he observed two approaching vehicles. The first was coming down a small hill in the center lane of northbound 141; the second was about fifty yards behind the first and in the outside northbound lane, which was the lane used for right turns onto I–44. When the first vehicle passed, defendant eased out to make his left turn, while the second vehicle was continuing in the right turn lane. As defendant was halfway through the turn, the second vehicle, plaintiffs' truck, abruptly turned into the center lane and collided with defendant's car. Plaintiffs submitted their case to the jury on the theory that defendant negligently failed to yield the right of way.

Plaintiffs' first point on appeal is that the trial court abused its discretion in failing to declare a mistrial following defense counsel's reference during closing argument to the amount of defendant's insurance coverage. The reference during defendant's argument was as follows:

Mr. Funsch: I'm going to do something that I've never done before. Mr. Willbrand asked you a question during the beginning of this case if any of you had a financial interest—and then he named American National Property and Casualty Company—and it's through that that [sic] is insurance in this case. However, there is a limited amount of insurance in this case.

Mr. Willbrand: Your Honor, I think that that is—

Mr. Funsch: I'm going to say there's a $10,000 policy.

Mr. Willbrand: I think this is an improper argument.

The Court: Sustained.

Plaintiffs' request for a mistrial was denied, and plaintiffs elected not to have the jury admonished. Earlier in the trial, defense counsel asked Kenneth Griffon if he knew how much money he was "suing for." Griffon responded, "Do I know how much I'm suing for? Twenty thousand dollars. Because that's the amount of coverage that the defendant has." Defense counsel's request for a mistrial because of the volunteered information concerning the fact of insurance coverage was denied. It is defendant's position on appeal that the unresponsive answer from plaintiff referring to insurance justified his attempt during closing to correct the policy amounts alluded to by plaintiff. Plaintiffs argue that defendant's closing remarks were deceptive and in bad faith as they indicated that either Mr. Griffon had lied as to the amount of the coverage or that he is the type of person "who seeks damages in excess of the limited coverage." As we do not believe the circumstances warranted a mistrial, we rule the point against plaintiffs.

Although injection of such usually irrelevant matters as insurance is error, not every reference constitutes reversible error. *Means v. Sears, Roebuck & Company,* 550 S.W.2d 780, 787 (Mo. banc 1977); *Missey v. Kwan,* 595 S.W.2d 460, 465 (Mo.App.1980). We do not condone defense counsel's obvi-ous determination, regardless of justification, to state the amount of the policy in his closing argument. Nevertheless, it is clear that the trial court acted swiftly and adequately to avert any prejudice that might have otherwise resulted. Moreover, in view of the verdict for defendant, we do not perceive how defendant's injection of the fact of insurance coverage or amount thereof could be held to have influenced the jury against the plaintiffs. With nothing more before us than plaintiffs' speculations as to what the jury might have inferred from counsel's correction in argument of Mr. Griffon's improper and incorrect reference to insurance coverage, we defer to the trial court's sound discretion in denying a mistrial. *Beckett v. Kiepe,* 369 S.W.2d 258, 263 (Mo.App.1963); *Gray v. Williams,* 289 S.W.2d 463, 467 (Mo.App.1956).

Plaintiffs' second and third points involve instruction number 13, a modified version of MAI 32.01(1):

Your verdict must be for defendant on the claim of Kenneth Griffon if you believe:

First, plaintiff Kenneth Griffon failed to keep a careful lookout, and

Second, plaintiff Kenneth Griffon was thereby negligent, and

Third, such negligence of plaintiff Kenneth Griffon directly caused or directly contributed to cause any damage plaintiff Kenneth Griffon may have sustained.

In their first attack upon the instruction, plaintiffs assert that it was error to give the instruction because there was no evidence from which the jury could have found a causal relationship between Mr. Griffon's failure to keep a lookout and the collision. We disagree. In arriving at this determination, we view all of the evidence in the light most favorable to the verdict and disregard all evidence to the contrary. *Stanfill v. City of Richmond Heights,* 605 S.W.2d 501, 502 (Mo.App.1980). By this standard, the jury could have determined that there was nothing to obstruct Mr. Grif-

fon's view of defendant's stopped car in the northbound lane of highway 141 at a distance of "two or three car lengths" from Griffon's vehicle which, at that instant, was northbound in the right turn lane of highway 141 and travelling twenty miles per hour. From this, the jury could have concluded that, had Mr. Griffon been maintaining a careful lookout, he could have avoided the accident by simply not turning abruptly into the lane occupied by defendant. There was adequate evidentiary basis for the instruction.

■ Plaintiffs next assert that instruction number 13 was an impermissible deviation from MAI. This claim is based upon the opening clause of that instruction, "Your verdict must be for defendant on the claim of Kenneth Griffon if you believe: . . ." Plaintiffs correctly state that the form for MAI 32.01(1) opens with the words, "Your verdict must be for defendant [on plaintiff's claim for damages] if you believe: . . ." With reference to the bracketed phrase, the Notes on Use direct that such a phrase is to be used when "necessary to limit this instruction to a particular claim." Thus, say the plaintiffs, the instruction in this case should have told the jury to return a verdict for defendant "on plaintiff Kenneth Griffon's claim for damages" rather than simply "on the claim of Kenneth Griffon." Aside from the deviation from MAI which is error in itself, Rule 70.02(c), plaintiffs argue that the failure of the instruction to define Griffon's claim as one "for damages" might have caused the jury to conclude that "claim" meant Griffon's account of how the collision occurred. Such a misunderstanding, according to the plaintiffs, would cause contributory negligence on Mr. Griffon's part to be regarded by the jury as a defense to Mrs. Griffon's claim.

■ Although error is deemed to have resulted from any deviation from MAI, such alterations are not presumptively prejudicial where it is "perfectly clear that no prejudice could have resulted." *McCory v. Knowles,* 478 S.W.2d 682, 686 (Mo.App. 1972). An otherwise proper instruction is not necessarily prejudicially erroneous where the deviation is slight or the instruction is technically susceptible of differing constructions. *Deskin v. Brewer,* 590 S.W.2d 392, 400 (Mo.App.1979); *McCory,* supra, 686. So it is here. We do not believe that, under any circumstances, the jury could possibly confuse a matter being litigated before it, e.g., Mr. Griffon's claim for damages with Mr. Griffon's "claims" on the witness stand as to how the collision occurred. Moreover, the slightest possibility that such confusion could have occurred is removed by instruction number 11, which designated that instructions number 11 through 14 "apply to the claim of plaintiff Kenneth Griffon for personal injury." A similar instruction correctly marks instructions 8 through 10 as applying to Jo Ann Griffon on her claim for personal injury. As defendant submitted a contributory negligence instruction only for Kenneth Griffon, i.e. number 13, a reasonable jury "without the slightest difficulty could assess the evidence and follow the instructions." *Sullens v. Roberts,* 624 S.W.2d 510, 512 (Mo. App.1981). In resolving an issue of this nature, the instructions are to be read together as a whole. *Yoos v. Jewish Hospital of St. Louis,* 645 S.W.2d 177, 189 (Mo.App. 1983). So reading the instructions here, we perceive no possibility of misdirection in the omission of the words "for damages" in instruction number 13. The point is ruled against the plaintiffs.

The judgment of the trial court is affirmed.

STEWART, P.J., and CRANDALL, J., concur.